[Civ. No. 2142.   First Appellate District.—September 6, 1917.]

## WILLIAM C. TOWNSEND, Respondent, v. CHARLES W. KEITH, Appellant.

NEGLIGENCE — COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE — EVIDENCE—NONSUIT.—In an action for personal injuries sustained by a rider of a motorcycle from a collision with an automobile, a motion for a nonsuit is properly denied where there is a substantial conflict in the evidence concerning the cause of the collision and the conduct of the parties thereto at the time thereof.

ID.—RETURN TO HOSPITAL FOR FURTHER TREATMENT—EVIDENCE—DIRECTION OF ATTENDING PHYSICIAN.—In such action, where plaintiff's testimony showed plainly that his return to the hospital for a second time was for a further treatment of his injuries which he had sustained from the collision and not for any intervening illness or injuries, it was proper to permit plaintiff to testify that he had made such return under the direction of the physician who was attending him.

ID.—USE OF INJURED LEG—TESTIMONY OF PLAINTIFF.—In such action plaintiff's testimony as to whether since the accident he had had the use of his injured leg as before is admissible.

ID.—DAMAGES—AMOUNT PAID FOR MEDICAL AND HOSPITAL TREATMENT.— In such action the plaintiff's testimony as to what bills he had incurred on account of services rendered by physicians and for hospital treatment is admissible, since the amount paid for such services is some evidence of their reasonable value, which is the correct measure of damages.

ID.—REASONABLE VALUE OF SERVICES—INSTRUCTION.—Where the reasonableness of the medical and hospital expenses incurred was not disputed on the trial, it was not error to fail to instruct the jury to limit its finding to the reasonable value thereof.

ID.—DAMAGE TO AUTOMOBILE—STATEMENT OF PLAINTIFF.—The refusal to permit plaintiff to be questioned as to what he had said concerning the damage to the defendant's automobile by the collision was not error, since the damage, and not what plaintiff may have said it was, was alone material.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

Cary Howard, for Appellant.

Johnson & Shaw, for Respondent.

LENNON, P. J.—In this action the plaintiff sought and secured a judgment in the sum of two thousand dollars as damages for personal injuries which he sustained while riding a motorcycle which collided with an automobile, driven by the defendant in a direction opposite to that which the plaintiff was driving.

The contention of counsel for the defendant that the evidence neither warranted the verdict nor supports the judgment is founded entirely upon a discussion of the weight of the evidence, and therefore must fail when confronted by a record which shows a substantial conflict in the evidence adduced by the whole case concerning the cause of the collision and the conduct of the parties thereto at the time thereof. The record shows that plaintiff rested his case upon substantial evidence which legally tended to support his cause of action, and therefore defendant's motion for a nonsuit was properly denied.

The trial court did not err when it overruled the objection of the defendant to the question propounded to the plaintiff as a witness, which inquired whether or not he had returned to the hospital a second time under the direction of the physician who was attending him. A consideration of the plaintiff's testimony, immediately preceding the question objected to, shows plainly that the return of the plaintiff to the hospital for a second time was for further treatment of the injuries which he had sustained as the result of the collision, and not for treatment for any intervening illness or injuries.

Equally without merit was the objection to the question propounded to plaintiff, namely: "Since the accident, have you had the use of the injured leg as you had before?" Assuming that the question called for the opinion of the witness, nevertheless it called for evidence of a material fact, which came from the best source of knowledge.

The court did not err in overruling defendant's objection to the question asked of plaintiff as to what bills he had incurred on account of services rendered by his physicians and for hospital treatment. While the correct measure of damage is the necessary and reasonable value of the services rendered, rather than the amount which may have been paid for such services, nevertheless the amount paid for the services is some evidence as to their reasonable value.

The expenses incurred amount to approximately two hundred dollars, i. e., one hundred and fifty dollars for physician, ten dollars for a specialist, thirty-two dollars hospital bill and thirty dollars or forty dollars for medicines. This, on its face, does not seem to be unreasonable. The reasonableness of the expenses which plaintiff had incurred was not disputed by defendant on the trial, and therefore the failure of the trial court's charge to the jury to limit its finding to the reasonable value of the expenses incurred was not an error which prejudiced the defendant. (*Melone* v. *Sierra Ry. Co.*, 151 Cal. 113, [91 Pac. 522].)

There was no error in the ruling of the trial court refusing to permit the plaintiff to be questioned as to what he had said concerning the damage done to the defendant's automobile by the collision. The purpose of the question, it is claimed, was to show the condition of the defendant's automobile after the collision, which, it is argued, would have illustrated the force of the angle of contact, as well as the rate of speed and the probable direction of the colliding machines. This being the only purpose of the question, it was properly objected to, because it was only material to know what the fact was, and not what the plaintiff may have said it was. Moreover, the defendant had testified, prior to the asking of the question objected to, fully and in detail, to the condition of his automobile after the collision, and this testimony remained uncontradicted.

The remaining assignments of error have less merit than those which we have just discussed.

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.