No. 19,112.

Esther Ann Price v. The Central Assembly
of God, etc.
(356 P. [2d] 240)

Decided October 24, 1960. Rehearing denied November 14, 1960.

Mr. Frank A. Bruno, Mr. William D. Holland, for plaintiff in error.

Messrs. Yegge, Bates, Hall & Shulenburg, Mr. Raymond J. Connell, for defendant in error.

*In Department.*

Opinion by Mr. Justice Knauss.

Plaintiff in error, plaintiff in the trial court, seeks

reversal of a judgment of dismissal entered at the conclusion of plaintiff's evidence.

Defendant is a religious corporation, maintaining a large church edifice in Denver, where religious services and attendant activities are conducted. Plaintiff, a member of the church, alleged that while attending a meeting held in the church as an invitee, she suffered serious and permanent injuries resulting from a fall down a flight of stairs leading off an unlighted corridor to a room plaintiff desired to enter. Defendant denied negligence and alleged affirmatively that plaintiff was contributorily negligent, and that she assumed the risk.

Plaintiff, some sixty-seven years of age, was a member in good standing of the church, and a member of its Women's Missionary Group, through which the missionary field work of the church was largely carried on, and which meets regularly and conducts its affairs at the church. On December 4, 1956, the date of the accident, plaintiff had gone to attend a regular monthly meeting of the group, called to meet at the church at 10 o'clock A.M. of that day. This meeting was to be held in the "Crusader Room" located on one of the lower levels of the church building. The evidence discloses that such missionary group meetings were conducted in three phases: (1) Business Session, (2) Spiritual Session, and (3) Luncheon. For the luncheon the ladies were invited to use the kitchen or commissary facilities of the church, which was also located in the basement or lower level of the building, and may be reached by either of two outside entrances, a southeast door or a northeast door, both of which lead directly into the "Crusader Room." Two separate hallways lead from these entrances to the kitchen or commissary and the evidence shows that the ladies used both hallways. On the day of the accident the custodian of the church had unlocked both doors to enable the ladies to obtain entrance. Lights were on in the "Crusader Room" and along the southern hallway. No lights were turned on along the northern hallway

and no precautions taken to warn or dissuade anyone using the northern hallway.

Plaintiff arrived at the church at about 9:45 A.M. and entered through the northeast door leading directly to the "Crusader Room." No other persons were present at the time of plaintiff's arrival. She heard voices in another portion of the building and proceeded along the northern hallway, through an archway and down a short hall toward the voices. This hall was partially lighted from the "Crusader Room" and at or near its end a flight of some seven steps is located. Plaintiff proceeded along the hall without incident and, hearing voices coming from her left, turned and fell down the flight of stairs. At the oral argument in this court, counsel for defendant admitted that there was no light at the point where plaintiff fell and that the hall at that point was dark.

 Error is claimed in the trial court's ruling that plaintiff was a mere licensee and that the only duty of defendant was to refrain from intentionally or wilfully injuring her. Plaintiff contends that she was an invitee and was not, as a matter of law, contributorily negligent.

We think *Crosby v. Kroeger,* 138 Colo. 55, 330 P. (2d) 958, is controlling under the facts presented here. We there held that a plaintiff entering an apartment house for the purpose of calling upon a tenant residing therein pursuant to invitation was an invitee, and while proceeding along a hallway which was suddenly plunged into darkness, due to the negligence of defendant, was injured by falling down a stairway. It was there held that defendant having created the perilous condition cannot complain that plaintiff did not exercise greater caution and whether his conduct in proceeding along the hallway in darkness constituted contributory negligence was a matter for determination by the jury. See, also, *Robinson v. Belmont-Buckingham Holding Co.,* 94 Colo. 534, 31 P. (2d) 918, and *King Soopers Inc. v. Mitchell,* 140 Colo. 119, 342 P. (2d) 1006.

 In *Field v. Sisters of Mercy,* 126 Colo. 1, 245 P.

(2d) 1167, it was said: "If she [plaintiff] was there on the express or implied invitation of defendant, it owed her the duty of care."

Under the facts presented the case should have been submitted to the jury under proper instructions.

The judgment is reversed and the cause remanded to the trial court with directions to grant a new trial.

MR. JUSTICE HALL and MR. JUSTICE DOYLE concur.