Rosa LAWSON, Plaintiff–Appellee,

v.

SAFEWAY, INC., a Delaware corporation, Defendant–Appellant.

No. 93CA0860.

Colorado Court of Appeals, Div. III.

June 16, 1994.

128

Scheitler and Elio, P.C., Joseph M. Elio, Denver, for plaintiff-appellee.

Anstine and Hill, Ronald C. Hill, Jeffrey J. Richards, Denver, for defendant-appellant.

Opinion by Judge KAPELKE.

Defendant, Safeway, Inc., appeals from a judgment entered in favor of plaintiff, Rosa Lawson, on her claim for damages arising from injuries she sustained when she fell in one of defendant's stores. We affirm.

In September of 1990, plaintiff was shopping at defendant's store when she slipped on some spilled milk and fell, injuring her arm, knee, and lower back. Defendant had not posted any signs warning its patrons of the spilled milk, and, although one of its employees had swept a portion of the store sometime before plaintiff's fall, the employee had not swept the aisle where the milk had been spilled.

The jury found that plaintiff's injuries were caused by defendant's negligence and awarded plaintiff damages in the amount of approximately $24,000.

I.

Defendant first contends that the trial court incorrectly instructed the jury regarding the applicable standard of care. We disagree.

At the outset, we note that a judgment will not be reversed as a result of the trial court's refusal to give a tendered instruction unless there was "substantial, prejudicial error." *Armentrout v. FMC Corp.,* 842 P.2d 175, 186 (Colo.1992).

Section 13-21-115, C.R.S. (1993 Cum. Supp.) governs the liability of landowners for injuries caused by accidents on their premises. Before the adoption of the statute in 1986, a landowner's liability was governed by the common law. Until 1971, common law in Colorado focused on whether the injured party was a trespasser, a licensee, or an invitee. *See Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971).

In 1971, Colorado's common law scheme governing a landowner's liability was abolished by our supreme court in *Mile High Fence Co. v. Radovich, supra.* In that case, the court held that the status of the injured person as a trespasser, licensee, or invitee was no longer determinative of the degree of care owed by a landowner. Rather, the relevant inquiry was whether the landowner acted as a reasonable person in view of the probability or foreseeability of injuries to others, regardless of their status.

The General Assembly adopted § 13–21–115 in 1986 for the explicit purpose of resurrecting the common law classification scheme. *Gallegos v. Phipps,* 779 P.2d 856 (Colo.1989).

Under the statute, a trespasser could recover only for damages "willfully or deliberately caused by the landowner." A licensee could recover for damages caused by either "the landowner's deliberate failure to exercise reasonable care in the conduct of the landowner's active operations upon the property," or "the landowner's failure to warn of dangers which are not ordinarily present on property of the type involved and of which the landowner actually knew." Invitees could recover only for damages caused by the landowner's "deliberate failure to exercise reasonable care" with respect to dangers of which the landowner had actual knowledge.

In 1989, our supreme court held that the statute was unconstitutional because it imposed a higher standard of care with respect to licensees than invitees. *Gallegos v. Phipps, supra.*

In response to the *Gallegos* decision, the General Assembly amended the statute in 1990. As amended, the statute provides that a trespasser may recover only for damages "willfully or deliberately caused by the landowner." Section 13–21–115(3)(a), C.R.S. (1993 Cum.Supp.). A licensee may recover only for damages caused by the landowner's "unreasonable failure to exercise reasonable care with respect to dangers" of which the landowner actually knew. Section 13–21–115(3)(b), C.R.S. (1993 Cum.Supp.). Finally, invitees, such as plaintiff here, may recover for damages caused by the landowner's "unreasonable failure to exercise reasonable care

to protect against dangers" of which the individual "actually knew or should have known." Section 13–21–115(3)(c), C.R.S. (1993 Cum. Supp.).

The term "unreasonable failure" in the sections defining the duties owed to licensees and invitees distinguishes the "reasonableness" standard of care a landowner owes to licensees and invitees from the "willful or deliberate conduct" standard of care applicable to claims brought by trespassers.

Here, the trial court gave the following jury instruction on the applicable standard of care:

> In order for the plaintiff, Rosa Lawson, to recover from the defendant, Safeway, Inc., on her claim of premises liability, you must find all of the following numbered propositions have been proved:
>
> 1. The plaintiff incurred injuries;
>
> 2. The defendant actually knew about a danger on the property or, as a person using reasonable care should have known about it;
>
> 3. *The defendant failed to use reasonable care to protect against the danger on the property;* and
>
> 4. The defendant's failure was a cause of the plaintiff's injuries.
>
> If you find that any one or more of these four propositions has not been proved by a preponderance of the evidence, then your verdict must be for the defendant.
>
> On the other hand, if you find that all of these propositions have been proved by a preponderance of the evidence, then your verdict must be for the plaintiff. (emphasis added)

This instruction tracks the language of *CJI–Civ.*3d 12:5D (1994 Cum.Supp.).

In another instruction, the court defined "reasonable care" as "that degree of care which a reasonably careful person would use under the same or similar circumstances." This instruction employs the language contained in *CJI–Civ.*3d 9:6 (1988).

■ Defendant claims that the trial court's premises liability instruction erroneously describes the duty a landowner owes to invitees

because it does not precisely follow the language of the statute. More specifically, defendant claims that the jury should have been instructed that plaintiff was required to prove that defendant "unreasonably failed to exercise reasonable care."

Defendant tendered an instruction and a special verdict form that used the language of the statute and required the jury to determine whether there had been an *unreasonable* failure to exercise reasonable care. The court rejected the tendered instruction and verdict form.

The court's negligence instruction and the special verdict form it submitted to the jury both indicated that the general negligence standard applied. In a separate instruction, the court defined "negligence" as follows:

Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury.

Assuming, without deciding, that there is a meaningful difference between a failure to exercise reasonable care and an unreasonable failure to exercise reasonable care, we conclude that, under the circumstances presented here, any error in the court's instruction to the jury did not result in "substantial, prejudicial error." *Armentrout v. FMC Corp., supra.* Based upon our review of the record, we cannot see any basis upon which the jury could have determined that defendant failed to exercise reasonable care, but that such failure was not "unreasonable." Nor has defendant suggested such a basis.

In sum, we conclude that the instructions, read as a whole, adequately apprised the jury of the applicable standard of care. Therefore, the trial court did not commit reversible error in failing to give the jury the instruction and special verdict form tendered by defendant.

## II.

■ Because there was no supporting expert medical testimony, defendant claims that the trial court erred in instructing the jury that it could award damages for permanent injury. We disagree.

■ Expert medical testimony is not required to establish that a plaintiff suffered a permanent injury. If the evidence supports an inference that the effects of an injury have persisted for a number of years and that the plaintiff's pain will continue into the future, a jury may infer that the injury will be permanent. *CeBuzz, Inc. v. Sniderman,* 171 Colo. 246, 466 P.2d 457 (1970); *Morgan v. Board of Water Works,* 837 P.2d 300 (Colo. App.1992).

Here, plaintiff testified that she continued to have pain in her right hand and arm, that her movement in that arm had been restricted since her fall, and that she has a large unsightly scar on her right arm. She further testified that she has experienced numbness in her fingers throughout the two and a half year period since her fall and that she has had to curtail her activities as a result of the arm and back injuries.

This evidence was sufficient to permit the jury to consider a possible award of damages for permanent injury. *See CeBuzz, Inc. v. Sniderman, supra; Morgan v. Board of Water Works, supra.* By instructing the jury that plaintiff could recover for permanent injuries if she proved that she had suffered such injuries, the trial court was not, of course, directing the jury to find that she had in fact suffered such injuries. That disputed issue of fact was for the jury to decide. *See Sours v. Goodrich,* 674 P.2d 995 (Colo.App. 1983).

We conclude that the trial court did not err in instructing the jury on the issue of damages for permanent injuries.

## III.

■ Defendant also argues that the trial court erred in instructing the jury that plaintiff could recover for her medical expenses when there was no medical testimony that her expenses were reasonable, necessary, and proximately caused by her fall. Again, we disagree.

The trial court's instruction did not suggest that plaintiff's medical expenses were in fact reasonable and necessary but rather

merely advised the jury that plaintiff could recover for such expenses if the evidence demonstrated they were reasonable, necessary, and incurred as a result of her fall.

 Such evidence does not have to be in the form of expert testimony. *See Briola v. Roy,* 170 Colo. 97, 459 P.2d 288 (1969); *Palmer Park Gardens, Inc. v. Potter,* 162 Colo. 178, 425 P.2d 268 (1967).

While the correct measure of compensable damages for medical expenses is the necessary and reasonable value of the services rendered, rather than the amount actually paid for such services, the amount paid is "some evidence of their reasonable value." *Palmer Park Gardens, Inc. v. Potter, supra,* 425 P.2d at 272.

Here, plaintiff testified that she incurred $4,611.25 in medical expenses as a result of injuries she sustained in the fall. One of her doctors testified that the charges for medical services reflected in his bill, which represented over one-third of plaintiff's total medical expenses, were reasonable and necessary, and that they were incurred as a direct result of plaintiff's fall. Based on this testimony, the jury could reasonably determine that plaintiff's medical expenses were incurred as a result of her fall and that they were both reasonable and necessary. *See Briola v. Roy, supra; Palmer Park Gardens, Inc. v. Potter, supra.* We therefore conclude that the trial court's instruction to the jury was proper.

### IV.

Defendant's final contention is that, because plaintiff did not present evidence at trial that she had a pre-existing condition which was aggravated by her fall, the court erred in giving a jury instruction on damages for aggravation of a pre-existing condition. Under the circumstances presented here, we conclude that the trial court's instruction to the jury was appropriate.

In its opening statement, defendant raised the issue of plaintiff's previous accident. Defendant then introduced evidence that plaintiff had fallen several years earlier and suffered injuries similar to those she suffered in the fall at the Safeway store. Thus, the issue of whether plaintiff suffered from a pre-existing condition that might have been aggravated by her fall was before the jury, and the trial court did not err in instructing the jury that damages could be awarded for the aggravation of such a condition. *Cf. Guerrero v. Bailey,* 658 P.2d 278 (Colo.App. 1982).

The judgment is affirmed.

PLANK and JONES, JJ., concur.