Karen EASTON, Plaintiff–Appellee and Cross–Appellant,

v.

The 1738 PARTNERSHIP, a Colorado general partnership, Defendant–Appellant and Cross–Appellee.

No. 91CA1096.

Colorado Court of Appeals, Div. V.

Jan. 28, 1993.

As Modified on Denial of Rehearing May 13, 1993.

Buchanan, Gray, Purvis & Schuetze, John A. Purvis, Karen M. Zulauf, Glen F. Gordon, Boulder, for plaintiff-appellee and cross-appellant.

White and Steele, P.C., John M. Palmeri, Thomas B. Quinn, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge JONES.

Defendant, the 1738 Partnership, appeals the judgment entered following a jury verdict in favor of plaintiff, Karen Easton. Plaintiff cross-appeals the trial court's reduction of her award. We reverse and remand with directions.

The appeals arise from a negligence action in which plaintiff sought to recover for damages she allegedly sustained when she slipped and fell on a public sidewalk in Boulder, Colorado, on February 5, 1988. Plaintiff slipped on a patch of ice covered by a light dusting of snow on the sidewalk abutting a building owned by defendant. Her destination had been a coffee shop located in the building.

At trial, plaintiff alleged that the ice patch on the sidewalk was created, in part, by water that drained from defendant's building and, in part, by defendant's negligent snow removal practices. Defendant, however, contended that it had no liability because the Boulder ordinance related to snow shovelling procedures does not confer a duty of care upon a property owner to a pedestrian on an abutting city sidewalk.

At the close of the evidence at trial, the trial court ruled that, as a matter of law, the Boulder municipal snow removal ordinance conferred upon property owners a duty of care properly to remove snow and water from the public sidewalks abutting their property. Over defendant's objection, the trial court then instructed the jury that the Boulder municipal ordinances also impose a duty upon property owners properly to discharge water and remove snow on city sidewalks and that violation of these

duties conclusively establishes negligence per se.

The jury returned a verdict in favor of plaintiff, finding that defendant was 90% negligent and the City of Boulder was 10% negligent in causing the conditions that resulted in plaintiff's injuries. After reducing the jury award of $320,000 for non-economic damages to $250,000 pursuant to § 13–21–102.5, C.R.S. (1987 Repl.Vol. 6A), the trial court entered judgment in favor of plaintiff for $250,000 non-economic damages, $137,000 economic losses, and $10,000 for physical impairment. These appeals followed.

### I.

■ Defendant contends that the trial court erred in ruling, and in instructing the jury, that the Boulder municipal ordinance relating to snow removal imposes civil liability upon an owner of property for failure to clear snow from a city sidewalk abutting the property. We agree.

■ An essential element of a negligence claim is the existence of a duty owed by the defendant to the plaintiff. The duty may have its source in either a legislative enactment or in the common law. *Board of County Commissioners v. Moreland,* 764 P.2d 812 (Colo.1988). Whether such a duty exists is a question of law. *University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987).

Our Supreme Court has held that owners of property have no common law duty to remove naturally accumulating snow and ice from a public sidewalk abutting their property. *Bittle v. Brunetti,* 750 P.2d 49 (Colo.1988). The court, in *Bittle,* additionally concluded that unless a municipal government specifically states that property owners will be civilly liable for violation of a snow removal ordinance, the common law "no duty" rule will continue to be controlling. *See Board of County Commissioners v. Moreland, supra; Quintano v. Industrial Commission,* 178 Colo. 131, 495 P.2d 1137 (1972).

■ Hence, if a municipal snow removal ordinance specifically provides that a prop-

erty owner will be civilly liable for its violation, the ordinance serves to establish the existence of a defendant's legally cognizable duty owed to a plaintiff. Breach of this duty, which arises from the ordinance, conclusively establishes negligence per se, and may allow for recovery when the breach is the proximate cause of plaintiff's injuries. *Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986). *See Bittle v. Brunetti, supra.*

Here, the Boulder snow removal ordinance provides as follows:

> No owner or manager of any property, lessee leasing the entire premises, or adult occupant of a single-family dwelling shall fail to keep all public sidewalks and walkways abutting the premises such person owns, leases, or occupies clear of snow, ice, sleet, and hail, as provided in this section. *Such persons are jointly and severally liable for such responsibility....*

Boulder Revised Code 8–2–13(a) (1981) (emphasis added).

The trial court determined that the language in the snow removal ordinance causing property owners to be "jointly and severally liable" for snow removal "speaks in terms of civil liability to me." The court further determined that this "liability transferring language" was evidence of the existence of a duty on the part of a property owner to remove snow, and that the violation of this duty was negligence per se. The trial court thereafter instructed the jury that violation of the snow removal ordinance constitutes negligence. We reject this interpretation of the ordinance.

■ In interpreting the snow removal ordinance, our primary task is to give effect to the intent of the legislative body that enacted the provision. *People v. Davis,* 794 P.2d 159 (Colo.1990). In order properly to ascertain the city council's intent, we are obligated to construe the ordinance as a whole to give a consistent, harmonious, and sensible effect to all of its parts. *Adams County School District No. 50 v. Dickey,* 791 P.2d 688 (Colo.1990).

Boulder Revised Code § 8–2–13(c) provides that the penalty for a property own-

er's failure to remove snow from public sidewalks as required by the snow removal ordinance is as follows:

> If the person so notified fails to remove the snow as required by the notice prescribed by subsection (b) of this section, the city manager may cause the snow removal to meet the requirements of this section and charge the costs thereof, plus an additional amount up to twenty-five dollars for administrative costs, to the person so notified.

This is the only penalty provision incorporated in the snow removal ordinance. It does not manifest a "loud and clear," or specific, expression of a legislative intent that the snow ordinance is to serve as the basis for civil liability. *See Quintano v. Industrial Commission, supra; Bittle v. Brunetti, supra; Board of County Commissioners v. Moreland, supra.*

Moreover, when the penalty provision of the snow removal ordinance, is read *in pari materia* with the liability provision, it becomes clear that the "persons" referenced in the joint and several liability language of § 8–2–13(a) consist of only the owner, manager, lessee, or adult occupant who may become liable for the responsibility of removing snow pursuant to § 8–2–13(a) or for paying the city's actual and administrative costs for snow removal pursuant to § 8–2–13(c).

The snow removal ordinance is devoid of any language specifically stating that property owners will be civilly liable for violation of a snow removal ordinance. Lacking an express liability provision, the snow removal ordinance, as in *Bittle v. Brunetti, supra,* imposes only a penalty and does not change the common law rule that landowners have no duty, and are not, therefore, civilly liable, for snow removal on public throughways abutting their property.

Accordingly, the trial court erred in ruling that the Boulder snow removal ordinance imposes a duty to remove snow from public sidewalks upon property owners whose property abuts the public sidewalk. In addition, the trial court erred in instructing the jury that a property owner's viola-

tion of the snow removal ordinance was negligence per se. The cause must, therefore, be remanded for a new trial with directions that, for purposes of instructing the jury, a property owner's violation of the snow removal ordinance does not confer civil liability and does not constitute negligence per se.

## II.

Because this cause must be remanded, we also address another issue that is likely to arise.

Defendant contends that the trial court erred in ruling, and in instructing the jury, that a violation of the Boulder ordinance prohibiting a property owner from permitting water to be improperly discharged upon a public sidewalk was negligence per se. Defendant argues that such an instruction was improper in this instance because melting snow does not cause a discharge of water, as contemplated by the ordinance. We disagree with defendant's contention that a negligence per se instruction should not have been issued in this case, but we do agree with defendant that melting snow cannot satisfy the ordinance's purposes and that, therefore, it is necessary that such an instruction be supplemented by additional language.

The Boulder municipal ordinance prohibiting the discharge of water onto a public thoroughfare provides as follows:

> (a) No owner, lessee, or occupant of property shall cause or permit water to flow upon any sidewalk, street, alley, or other public right of way:
> (1) So as to impair the use of such place;
> (2) When the weather is such that the water may be frozen into ice;
> (3) *Where the drainage is such that it may create a hazard to persons or property;*

Boulder Revised Code 8–2–8 (1981) (emphasis added).

This ordinance reflects the common law duty to avoid the affirmative creation of a hazard on a public thoroughfare. At com-

mon law, a breach of this duty is negligence which may result in civil liability. *See Huguley v. Trolinger,* 169 Colo. 1, 452 P.2d 1006 (1969); *White v. Pines Enterprises, Inc.,* 728 P.2d 759 (Colo.App.1986); *see also Bittle v. Brunetti, supra,* at 51 (fn. 2).

The harm which the ordinance seeks to prevent is the breach of a common law duty resulting in negligence which harms others. And plaintiff, here, is a member of the class of persons using a public thoroughfare that the ordinance is designed to protect. Thus, violation of the ordinance may constitute negligence per se. *Largo v. Crespin, supra.* The trial court, therefore, did not specifically err in instructing the jury that: "A violation of this ordinance constitutes negligence." *See CJI–Civ.* 9:14 (1988).

However, the record reflects that there was a question of fact as to whether the water discharge on the sidewalk abutting defendant's property was caused by "drainage such that it may have created a hazard to persons or property," Boulder Revised Code § 8–2–8(a)(3) (1981), through an improperly designed breezeway on defendant's property, or whether the discharge of water was from another's property, or whether the water discharge was created by the melting of snow.

■ There is "no duty to pedestrians" to prevent injury that is proximately caused by water that is discharged from melting snow, so such injuries cannot be the basis of liability absent an affirmative act on the part of defendant that contributed to the injury. *Bittle v. Brunetti, supra,* (fn. 2); *Kanter v. City & County of Denver,* 153 Colo. 389, 386 P.2d 349 (1963).

If the instruction in question had included the limitation that a property owner who permits water to flow, or drain, onto a sidewalk from melting snow was *not* negligent and could not be found liable under that circumstance, then the jury would have been properly instructed that a violation of the statute was negligence per se. Without such a limitation, a jury could have improperly concluded that a property owner who allowed snow to melt on a public sidewalk abutting the owner's property was negligent. Thus, under a similar evidentiary posture on retrial, the negligence per se instruction should be given with the limitation regarding snow melt. *See CJI–Civ.* 19:14 (1988) (Notes On Use).

Our disposition renders plaintiff's and defendant's remaining contentions moot.

The judgment is reversed, and the cause is remanded for a new trial only on the issue of liability. Because plaintiff has abandoned her appellate claims as to damages, the jury verdict and judgment thereon as to damages shall stand should defendant be found liable after retrial.

HUME and MARQUEZ, JJ., concur.