2015 COA 168

The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Trevor Ronald RICE, Defendant–Appellant.

Court of Appeals No. 14CA0381

Colorado Court of Appeals, Div. A.

Announced November 19, 2015

---

Cynthia H. Coffman, Attorney General, Rebecca L. Williams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Kielly Dunn, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by CHIEF JUDGE LOEB

¶ 1 Defendant, Trevor Ronald Rice, pleaded guilty to a single count of distributing cocaine in the amount of 25 to 450 grams under section 18–18–405(1), (2)(a)(I), and 3(a)(I).[1] Ch. 333, sec. 10, § 18–18–405, 2013 Colo. Sess. Laws 1909, 1912; Ch. 281, sec. 55, § 18–18–405(1)(a), 2012 Colo. Sess. Laws 1622. Rice argued to the sentencing court that extraordinary circumstances necessitated a mitigated sentence in his case. Thus, at his sentencing hearing, Rice argued that section 18–1.3–401(6), C.R.S. 2015, was applicable, and he presented eight witnesses and numerous documents regarding alleged mitigating circumstances. The sentencing court found that section 18–18–405(3)(a)(I) was a mandatory sentencing provision which did not allow it discretion to lower Rice's sentence below the minimum of the presumptive range required under subsection (3)(a)(I). Rice contends the court erred in concluding that extraordinary mitigating factors could not be considered in his case. We disagree and affirm Rice's sentence.

## I. Background and Procedural History

¶ 2 Rice's charges arose from three separate instances in which he sold or distributed cocaine. In the first instance, a confidential informant purchased two ounces of cocaine from Rice. In the second instance, Rice sold three ounces of cocaine. In the third in-

---

1. Shortly after Rice was arrested and charged, the General Assembly repealed section 18–18–405(2)(a)(I) and (3)(a)(I) and created a separate sentencing framework for the possession, sale, and distribution of controlled substances. However, Rice was charged, sentenced, and makes his appellate arguments under the repealed statutory scheme. Neither party argues that the "new" statutory scheme should apply and we, therefore, do not consider it.

stance, he arranged to sell five ounces of cocaine. Before the sale of the five ounces could be completed, police arrested Rice and searched his vehicle pursuant to arrest and search warrants. They discovered nearly 5 ounces, or approximately 140 grams, of cocaine hidden in Rice's car.

¶ 3 Rice was charged with distribution of a controlled substance, possession with intent to distribute, and conspiracy to distribute. Rice pleaded guilty to distribution of a schedule II controlled substance pursuant to section 18–18–405(1), (2)(a)(I), and (3)(a)(I). 2013 Colo. Sess. Laws at 1909, 1912; 2012 Colo. Sess. Laws at 1622. As part of the plea agreement, Rice acknowledged that he knew and understood that the sentencing range for his crime was a prison sentence between four and sixteen years in the custody of the Department of Corrections (DOC).

¶ 4 A few days prior to his sentencing hearing, Rice filed documentation in support of his argument that the court should consider extraordinary mitigating circumstances at sentencing. At the sentencing hearing defense counsel referred to these documents, and eight people spoke on Rice's behalf. The mitigating circumstances tended to show that Rice had no prior criminal history, he possessed good character, he was enrolled in and received excellent grades at a four-year college, and he was remorseful for his crimes.

¶ 5 Pursuant to section 18–1.3–401(6), Rice requested that the court sentence him to two years in the custody of the DOC, which was half the minimum of the applicable presumptive sentencing range. The presentence investigation report recommended the minimum sentence under the presumptive range, four years in the custody of the DOC. Further, because there were at least three known instances where Rice had sold or distributed cocaine, and because he was distributing the drugs outside of his community solely for monetary gain, the prosecutor requested that the court sentence Rice to six years in the custody of the DOC.

¶ 6 The prosecutor argued that the court did not have the discretion to sentence Rice below the statutory minimum because section 18–18–405(3)(a)(I) was a mandatory sentencing provision that required the court to im-

pose at least the minimum sentence in the statutory presumptive range. Rice argued that the extraordinary mitigating circumstances statute was not in conflict with section 18–18–405(3)(a)(I) and that the court could and should consider his evidence which showed such mitigating circumstances. The court recessed the hearing to consider the parties' arguments and ultimately agreed with the prosecutor that Rice was subject to a mandatory minimum sentence under section 18–18–405(3)(a)(I), which required a DOC sentence of at least four years.

¶ 7 The court concluded that, pursuant to 18–18–405(3)(a)(I), it was required to impose a sentence of at least four years. Emphasizing that Rice had distributed illegal controlled substances three times, the court sentenced Rice to five years in the DOC and to five years of mandatory parole. This appeal followed.

## II. Standard of Review

¶ 8 A trial court has extremely broad discretion when, as here, it is imposing a sentence within the presumptive range. A court's sentencing decision will not be overturned absent an abuse of discretion. *People v. Linares–Guzman*, 195 P.3d 1130, 1137 (Colo. App. 2008). "A sentencing court abuses its discretion if it fails to consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public." *Id.* (citing *People v. Leske*, 957 P.2d 1030, 1043 (Colo. 1998)).

¶ 9 Moreover, when the court misapprehends the scope of its discretion in imposing a sentence, the sentence must be vacated and the defendant must be re-sentenced using the correct range. *Id.*

¶ 10 Whether the sentencing court interpreted the statutory sentencing scheme correctly is a question of statutory interpretation that we review de novo. *See People v. Robles*, 811 P.2d 804, 806 (Colo. 1991) (trial court's interpretation of the 1985 crime of violence statute to calculate the defendant's sentencing range reviewed de novo).

### III. Applicable Law

### A. Statutory Interpretation

¶ 11 As with any statute, our primary task is to give effect to the General Assembly's intent by first looking to the statute's plain language. *E.g., Candelaria v. People,* 2013 CO 47, ¶ 12, 303 P.3d 1202. To discern the General Assembly's intent, we look to the plain language of the statute, and where that language is clear and unambiguous, we engage in no further statutory analysis. *Id.; People v. Benavidez,* 222 P.3d 391, 393 (Colo. App. 2009). In looking at the plain language of a statute, "[w]e construe the statute as a whole, in an effort to give consistent, harmonious, and sensible effect to all its parts, and we read words and phrases in context and construe them according to the rules of grammar and common usage." *Benavidez,* 222 P.3d at 393.

¶ 12 We must construe the statute so as to give effect to every word, and we may not adopt a construction that renders any term superfluous or meaningless. *People v. Vigil,* 2013 COA 102, ¶ 14, 328 P.3d 1066. A statutory interpretation leading to an illogical or absurd result will not be followed. *Benavidez,* 222 P.3d at 393.

¶ 13 "There is a presumption that the word 'shall' when used in a statute is mandatory." *Riley v. People,* 104 P.3d 218, 221 (Colo. 2004). Unless the context indicates otherwise, the word "shall" shows the General Assembly's intent that the statutory provision be mandatory. *People v. Durapau,* 280 P.3d 42, 46 (Colo. App. 2011).

### B. Sentencing Scheme

¶ 14 Rice pleaded guilty to section 18–18–405(1), (2)(a)(I)(A), and (3)(a)(I) for a distribution offense he committed on January 25, 2013. As pertinent here, the relevant sections of 18–18–405 read as follows:

(1)(a) [I]t is unlawful for any person knowingly to manufacture, dispense, sell, or distribute, or to possess with intent to manufacture, dispense, sell, or distribute, a controlled substance....

(2)(a) Except as is otherwise provided for offenses concerning marijuana and marijuana concentrate in section 18–18–406 and for offenses involving minors in section 18–18407(1)(g), any person who violates any of the provisions of subsection (1) of this section:

(I) In the case of a controlled substance listed in schedule I or II of part 2 of this article, commits:

(A) A class 3 felony....

(3)(a) Unless a greater sentence is required pursuant to the provisions of another statute, any person convicted pursuant to subparagraph (I) of paragraph (a) of subsection (2) of this section for knowingly manufacturing, dispensing, selling, distributing, or possessing with intent to manufacture, dispense, sell, or distribute ... an amount that is or has been represented to be:

(I) At least twenty-five grams or one ounce but less than four hundred fifty grams of any material, compound, mixture, or preparation that contains a schedule I or schedule II controlled substance as listed in section 1818–203 or 18–18–204 *shall* be sentenced to the department of corrections for at least the minimum term of incarceration in the presumptive range provided for such offense in section 18–1.3–401(1)(a)....

2013 Colo. Sess. Laws at 1909, 1912; 2012 Colo. Sess. Laws at 1622 (emphasis added).

¶ 15 Section 18–1.3–401(1)(a)(V)(A) mandates that the presumptive sentencing range for a class three felony is four to twelve years in the DOC with a mandatory five-year period of parole. However, drug distribution crimes present an extraordinary risk of harm to society and are subject to a mandatory sentencing enhancement: for class three felonies, the maximum sentence in the presumptive range is increased by four years. § 18–1.3–401(10)(a)(XI). Hence, the sentencing range for Rice in this case was four to sixteen years in the custody of the DOC.

¶ 16 In imposing a sentence, the court shall impose a definite sentence which is within the presumptive ranges set forth in section 18–1.3–401(1)

unless it concludes that extraordinary mitigating or aggravating circumstances are

present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing. . . . If the court finds such extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range. . . .

§ 18–1.3–401(6).

¶ 17 However, "[t]he underlying purpose of section 18–18–405(3) is to punish more severely those offenders who deal with large quantities of controlled substances." *Whitaker v. People*, 48 P.3d 555, 559 (Colo. 2002). Thus, section 18–18–405(3)(a) limits a trial court's sentencing discretion. *People v. Graham*, 53 P.3d 658, 665 (Colo. App. 2001) (concluding that the jury's finding regarding the amount of controlled substance distributed by the defendant served to limit the trial court's sentencing discretion because of subsection (3)(a)).

## IV. Application

[11] ¶ 18 Rice contends that the sentencing court incorrectly interpreted section 18–18–405(3)(a)(I) to preclude a sentence of less than four years based upon extraordinary mitigating circumstances pursuant to section 18–1.3–401(6). We disagree.

¶ 19 The sentencing court considered the same arguments that Rice now makes on appeal and found that there was no specific case law in Colorado directly addressing the application of the mitigating and aggravating circumstances statute, section 18–1.3401(6), to a crime with a mandatory minimum sentencing enhancement under 18–18–405(3)(a)(I).

¶ 20 Interpreting the plain language of section 18–18–405(3)(a), specifically the use of the word "shall" in section (3)(a)(I), the court concluded "that shall means shall. And throughout lots and lots and lots and lots and lots of cases, the appellate courts of this state have always said that shall means shall." Accordingly, the court found that section 18–18–405(3)(a)(I) required a mandatory minimum sentence and, therefore, the minimum sentence that it could impose was four years in the custody of the DOC, the presumptive minimum under section 18–1.3–401(1)(a)(V)(A). As a result, the sentencing court concluded that section 18–1.3–401(6) did not give the court discretion to impose a lesser minimum sentence when, as here, the conviction met the requirements of the mandatory minimum sentencing enhancer in section 18–18–405(3)(a)(I).

¶ 21 We agree with the sentencing court's analysis and also conclude that section 18–18–405(3)(a) is a sentencing enhancement statute that requires a mandatory minimum sentence. *See Whitaker*, 48 P.3d at 558 ("[S]ection 18–18–405(3)(a)(III) defines the *required* sentence for a defendant convicted of unlawful distribution . . . of 1,000 grams or more of a . . . controlled substance.") (emphasis added); *Graham*, 53 P.3d at 665 (section 18–18–405(3)(a) imposes a mandatory minimum sentence); *People v. Ramirez*, 997 P.2d 1200, 1208 (Colo. App. 1999) (section 18–18–405(3)(a) is a sentencing enhancer); *People v. Salcedo*, 985 P.2d 7, 13–14 (Colo. App. 1998) (section 18–18–405(3)(a) imposes a mandatory minimum sentence), *rev'd on other grounds*, 999 P.2d 833 (Colo. 2000). As such, subsection (3)(a) limits the court's sentencing discretion. *Graham*, 53 P.3d at 665. As noted by the supreme court in *Whitaker*, the "underlying purpose of section 18–18–405(3) is to punish more severely those offenders who deal with large quantities of controlled substances. The legislature's choice to do so is within its prerogative." 48 P.3d at 559.

¶ 22 Moreover, there is nothing in section 18–18–405(3)(a)(I) to indicate that the General Assembly did not intend to impose a mandatory minimum sentence by the use of the word "shall." *See Durapau*, 280 P.3d at 46. Indeed, to accept Rice's argument that the sentencing court had discretion to depart from the mandatory minimum sentence would, in our view, nullify the General Assembly's intent to enhance sentences for distribution of larger amounts of narcotics. *See People v. Hinojos–Mendoza*, 140 P.3d 30, 44 (Colo. App. 2005), *aff'd in part, rev'd in part on other grounds*, 169 P.3d 662 (Colo. 2007); *see also Whitaker*, 48 P.3d at 559 (the purpose of subsection (3) is to punish defendants who deal with large quantities of narcotics

more severely). Interpreting subsection (3)(a)(I) to allow a lesser sentence than the presumptive minimum of four years would lead to an unreasonable result because it would negate the General Assembly's intent for enhanced sentencing for narcotic distribution crimes, which it has explicitly defined as a crime that imposes an extraordinary risk upon society. § 18–1.3–401(10)(b)(XI) (extraordinary risk crime); *Benavidez*, 222 P.3d at 393 (we will not follow a statutory interpretation that leads to an illogical or absurd result). Such an interpretation would also make the use of the word "shall" in section 18–18–405(3)(a)(I) meaningless. *Riley*, 104 P.3d at 221; *Vigil*, ¶ 14.

¶ 23 Further, looking at the language of section 18–18–405(3)(a) as a whole, we note that the statute begins by expressly stating that its mandatory sentencing scheme applies "[u]nless a greater sentence is required pursuant to the provisions of another statute." 2013 Colo. Sess. Laws at 1912. As correctly noted by the sentencing court here, the General Assembly could have similarly permitted an exception for a lesser minimum sentence, but it chose not to do so.

¶ 24 We reject Rice's argument that *Hinojos–Mendoza* supports his position that a sentencing court may sentence a defendant below the presumptive minimum when the crime meets the criteria of section 18–18–405(3)(a)(I). First, *Hinojos–Mendoza*, while instructive, does not consider section 18–1.3–401(6) at all, let alone its interaction with section 18–18–405.

¶ 25 Second, contrary to Rice's argument, the division in *Hinojos–Mendoza* expressly recognized the General Assembly's intent to provide for enhanced mandatory sentencing for drug distribution crimes under section 18–18–405(3)(a). *See Hinojos–Mendoza*, 140 P.3d at 44. Moreover, Rice's argument that interpreting section 18–18–405(3)(a)(I) as a mandatory sentencing provision would nullify the General Assembly's intent to provide the court with discretion to impose a sentence lower than the statutory minimum when there are extraordinary mitigating circum-

stances ignores two important points: (1) reducing or enhancing a sentence under section 18–1.3401(6) is a discretionary decision ("[T]he court ... *may* impose a sentence which is lesser or greater than the presumptive range.") (emphasis added), while the sentencing scheme in 18–18–405(3)(a)(I) uses mandatory language that necessarily limits the court's discretion; and (2) the plain language of the statutory scheme makes clear the General Assembly's intent to enhance sentencing for drug distribution crimes under section 18–18–405(3)(a), which provides for mandatory minimum sentences depending on the amount of substances distributed: at least the minimum presumptive range in subsection (I); at least the midpoint of the presumptive range in subsection (II); and a sentence greater than the maximum presumptive range, but not more than twice the maximum, in subsection (III). 2013 Colo. Sess. Laws at 1912; *see Whitaker*, 48 P.3d at 559; *Hinojos–Mendoza*, 140 P.3d at 44.

## V. Conclusion

¶ 26 We conclude that section 18–18–405(3)(a)(I) is a sentencing enhancer that imposes a mandatory minimum sentence of four years and limits the court's discretion to impose a lesser minimum sentence under section 18–1.3–401(6). Accordingly, Rice's sentence is affirmed.

JUDGE NEY * and JUDGE KAPELKE* concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2015.