COLORADO COURT OF APPEALS 2016COA147

Court of Appeals No. 15CA1664
El Paso County District Court No. 14CV34327
Honorable Edward S. Colt, Judge

Emma Andrade,

Plaintiff-Appellant,

v.

Margaret Johnson,

Defendant-Appellee.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by CHIEF JUDGE LOEB
Nieto* and Casebolt*, JJ., concur

Announced October 6, 2016

Franklin D. Azar & Associates, P.C., Patric J. LeHouillier, Colorado Springs,
Colorado; Berniger, Berg & Diver, LLC, Michael A. Berniger, Colorado Springs,
Colorado, for Plaintiff-Appellant

Hunter & Associates, Christopher J. Metcalfe, Denver, Colorado, for Defendant-
Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1    In this personal injury action, plaintiff, Emma Andrade, appeals the summary judgment in favor of defendant, Margaret Johnson, on Andrade's claim pursuant to the premises liability statute, section 13-21-115, C.R.S. 2016 (the Act), and on her common law negligence claim. We affirm the district court's entry of summary judgment for Johnson as to the premises liability claim, although we do so for reasons different from those articulated by the district court. Because we conclude that section 3.4.103(D) of the Colorado Springs City Code (the Code) expressly imposes civil liability on an owner or occupant of property who fails to comply with section 3.4.103 when such failure to comply is the proximate cause of a third party's injury, we reverse the summary judgment for Johnson on Andrade's common law negligence claim and remand to the district court for further proceedings on that claim.

I.    Background Facts and Procedural History

¶ 2    Andrade was walking with her daughter on a public sidewalk in Colorado Springs on her way to a birthday party at the house of one of Johnson's neighbors. Andrade used a walking cane to assist herself with walking. As she was walking on the public sidewalk

1

adjacent to Johnson's house, Andrade slipped and fell. She was taken to a nearby hospital, where she underwent surgery to repair a fracture in her leg.

¶ 3 Andrade filed a complaint seeking damages against Johnson in district court, asserting a premises liability claim under the Act and a common law negligence claim. Andrade alleged that an "uneven sidewalk" caused her fall.[1] To support her premises liability claim, Andrade alleged that Johnson was a "landowner," as defined in section 13-21-115(1); that the uneven sidewalk adjacent to Johnson's home constituted a danger that Johnson was aware of or reasonably should have been aware of; that Johnson failed to exercise reasonable care to protect Andrade; and that Andrade was injured as a result of her fall.

¶ 4 To support her common law negligence claim, Andrade's complaint alleged, in pertinent part, as follows:

> 13. Defendant had a duty to maintain the sidewalk in front of her residence so that it was safe for pedestrian use.
>
> 14. Defendant knew or reasonably should have known that the uneven sidewalk in front

---

[1] Later in the district court proceedings, Andrade claimed that she fell when her walking cane became stuck in a hole in the sidewalk.

2

of her residence constituted a danger to pedestrians.

15. The Defendant failed to exercise reasonable care to protect the Plaintiff and others against dangers of which the Defendant was aware.

16. Plaintiff was injured as a result of Defendant's negligence. . . .

¶ 5 Johnson filed a motion for summary judgment, arguing that because Andrade fell on a public sidewalk, Johnson was not a "landowner" under section 13-21-115(1), and thus could not be liable under the Act. Johnson also argued that under Colorado law, landowners do not have a duty to those injured on public walkways, and thus, as a matter of law, she was not liable for common law negligence.

¶ 6 In Andrade's response to Johnson's motion for summary judgment, she argued that section 3.4.103(B) of the Code[2] required Johnson to notify the City Engineer of the damage to the sidewalk adjacent to her property, and her failure to do so was the proximate

---

[2] Section 3.4.103(B) of the Colorado Springs City Code, titled "Notice Of Damage To A Public Sidewalk" states: "It is the responsibility of every owner and occupant of real property within the City to notify the City Engineer of any damage to a public sidewalk which abuts or is adjacent to that owner's real property[.]"

cause of Andrade's injuries. Andrade requested that the district court deny Johnson's summary judgment motion because there were questions of material fact as to the issue of proximate cause, specifically whether Johnson's failure to report the sidewalk damage to the City Engineer was an unreasonable risk to the health and safety of the public, and whether Johnson knew or should have known about the damage to the sidewalk.

¶ 7 In Johnson's reply in support of her motion for summary judgment, she asserted that Andrade had not presented any arguments or evidence specifically refuting Johnson's arguments in support of her motion for summary judgment on both claims. Johnson also asserted that Andrade's argument regarding the Code appeared to support a negligence per se claim, which Andrade had not pleaded in her complaint. Thus, Johnson contended that the negligence per se claim was not properly before the district court. Johnson also argued that the sidewalk adjacent to her house was not damaged, and that there was only a slight disparity in height between two sections of the sidewalk that had occurred as a result of normal settlement over a period of years.

¶ 8    The district court granted Johnson's motion for summary judgment in a short written order in which the court summarized the parties' arguments and then provided the following quote from *Burbach v. Canwest Inv., LLC*, 224 P.3d 437, 442 (Colo. App. 2009):

> In short, we perceive nothing in the language of the premises liability statute which indicates the General Assembly intended to abrogate the no duty rule.  Indeed, as noted, the statute was intended to narrow, not expand, landowner liability.  We therefore decline Ms. Burbach's invitation for us to construe the statute in a manner that would create the anomalous result whereby one's liability as to property in which it does not have a legal interest is expanded at the same time its liability as to property in which it has a legal interest is contracted.  *See Fis[c]hbach v. Holzberlein*, 215 P.3d 407, 409 (Colo. App. 2009) (a court will not adopt an interpretation of a statute that leads to an illogical or absurd result or that is at odds with the legislative scheme).

Without any further analysis, the district court stated that it found *Burbach* "to be well-reasoned, persuasive and controlling," and it granted Johnson's motion for summary judgment.

¶ 9    Andrade now appeals the district court's entry of summary judgment in favor of Johnson.

## II.    Standard of Review

5

¶ 10    We review de novo a district court's grant of a motion for summary judgment. *Burbach*, 224 P.3d at 439. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, establish that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *City of Longmont v. Colo. Oil & Gas Ass'n*, 2016 CO 29, ¶ 8; *Kaiser Found. Health Plan of Colo. v. Sharp*, 741 P.2d 714, 718 (Colo. 1987). When reviewing a district court's grant of a motion for summary judgment, we view the facts in the light most favorable to the nonmoving party. *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 2016 COA 33, ¶ 17. When, as a matter of law and based on undisputed facts, the nonmoving party cannot prevail, the movant is entitled to summary judgment. *Kaiser*, 741 P.2d at 718.

¶ 11    However, summary judgment is a drastic remedy "and is not a substitute for a trial of disputed facts." *Id.* The court may not grant summary judgment when there are disputed factual issues that must be resolved in a trial, and all doubts regarding the evidence must be resolved against the moving party. *Id.* The

moving party bears the burden of proving that there are no genuine issues of material fact. *Id.* at 719. Once the moving party has met that burden, the nonmoving party must demonstrate "by receivable facts that a real, and not formal, controversy exists." *Id.*

¶ 12 We also review de novo questions of statutory interpretation. *Burbach*, 224 P.3d at 439.

### III. Premises Liability Claim

¶ 13 We first address the district court's summary judgment on Andrade's premises liability claim under the Act and, for the reasons set forth below, discern no error in that judgment.

¶ 14 Andrade's complaint alleged generally that Johnson was liable under the Act because she failed to exercise reasonable care to protect Andrade from the uneven sidewalk. Andrade's complaint alleged, without any factual support, that Johnson was a "landowner" as that term is defined in section 13-21-115. However, nowhere in her briefs on appeal does Andrade directly challenge or contest the district court's dismissal of her premises liability claim.

¶ 15 Johnson contends that the district court properly granted summary judgment in her favor on Andrade's premises liability claim because, based on the undisputed fact that Andrade fell on a

public sidewalk, as a matter of law, Johnson is not a "landowner" for purposes of the Act.

¶ 16     As pertinent here, the Act applies only if the party sought to be held liable is a "landowner" as defined therein, *see* § 13-21-115(1); *see also Larrieu v. Best Buy Stores, L.P.*, 2013 CO 38, ¶ 16; *Jordan v. Panorama Orthopedics & Spine Ctr., PC*, 2013 COA 87, ¶ 11, *aff'd*, 2015 CO 24, and those who are injured on the property of another are classified as either trespassers, invitees, or licensees, § 13-21-115(1.5)(a).

¶ 17     Initially, we note that Andrade concedes in her opening brief that she was not an invitee, licensee, or trespasser on Johnson's property "because she was walking on the sidewalk outside [Johnson's] home." Because section 13-21-115(1.5)(a) of the Act states that those who are injured on the property of another are classified as either trespassers, invitees, or licensees, Andrade's concession on its face makes the Act inapplicable to her claim under the facts of this case.

¶ 18     Even more pertinent, Andrade does not argue that Johnson is a "landowner" for purposes of the Act and, thus, concedes that element of her claim under the Act as well. These concessions

8

indicate, in our view, that Andrade does not contest the court's entry of summary judgment on her claim under the Act.

¶ 19    In any event, based on the undisputed facts in the record before us, as a matter of law, Johnson is not a "landowner" under the Act.  The Act is inapplicable here because Johnson is not a "landowner" of the public sidewalk adjacent to her property.  *See* § 13-21-115(1); *Larrieu,* ¶ 26; *Jordan,* ¶ 24 ("[P]ossessory interest" in a public sidewalk is "virtually indistinguishable from the interest that any member of the public has to use the sidewalk."); *Burbach,* 224 P.3d at 441-42.  There is no record support for the proposition that Johnson is a "landowner" under the Act.

¶ 20    To the extent Andrade contends that section 3.4.103(B) of the Code provided Johnson with "landowner" status under the Act, that contention is contrary to Colorado law.  *See* § 13-21-115(1); *Burbach,* 224 P.3d at 441.  Because Andrade's injury did not occur on Johnson's property, she "[has] no claim under the [premises liability] statute."  *Larrieu,* ¶ 26.

¶ 21    Although the district court did not base its analysis of Andrade's claim under the Act on the "landowner" issue, nevertheless, we conclude that the district court did not err by

9

granting summary judgment for Johnson on Andrade's premises liability claim. *See Steamboat Springs Rental & Leasing, Inc. v. City & Cty. of Denver*, 15 P.3d 785, 786 (Colo. App. 2000) ("An appellate court may affirm a correct judgment based on reasoning different from that relied on by the trial court.").

## IV. Common Law Negligence Claim

¶ 22    Andrade also contends that the district court erred by entering summary judgment for Johnson on her common law negligence claim. Andrade argues that, pursuant to section 3.4.103(B) of the Code, Johnson had a duty to notify the City Engineer about the damaged sidewalk adjacent to her property, and that, pursuant to section 3.4.103(D) of the Code, Johnson became civilly liable for Andrade's injury that occurred as a result of Johnson's "inaction" in failing to notify the City Engineer about the damaged sidewalk.

¶ 23    We conclude that the plain language of section 3.4.103(B) unambiguously imposes a duty on owners and occupants of real property to notify the City Engineer about any damage to the public sidewalk abutting or adjacent to their real property. We also conclude that, as pertinent here, section 3.4.103(D) expressly imposes civil liability on owners or occupants of property who fail to

10

comply with their duty to notify in section 3.4.103(B) when their failure to notify is the proximate cause of a third party's injury. However, disputed issues of fact remain as to whether the public sidewalk was damaged and whether Johnson's failure to report the alleged damage was the proximate cause of Andrade's injuries. Therefore, we conclude that the district court erred by entering summary judgment for Johnson on Andrade's common law negligence claim, and we reverse that aspect of the judgment and remand to the district court for further proceedings on that claim.

¶ 24　　As an initial matter, Johnson contends that, on appeal, Andrade only repeats the negligence per se claim she made in response to Johnson's motion for summary judgment, and she again notes that Andrade did not allege such a claim in her complaint. Johnson contends that Andrade merely argued in support of her common law negligence claim that "[Johnson] had a duty to maintain the sidewalk in front of her residence so that it was safe for pedestrian use," and thus, Andrade's arguments regarding the Code in support of a purported negligence per se claim are not properly before us.

11

¶ 25     We agree that Andrade did not expressly plead a negligence per se claim in her complaint. However, in addition to the allegation in Andrade's complaint that "[Johnson] had a duty to maintain the sidewalk in front of her residence so that it was safe for pedestrian use,"[3] her complaint also alleged that "[Johnson] failed to exercise reasonable care to protect [Andrade] and others against dangers of which [Johnson] was aware." Given that Andrade argues in support of her common law negligence claim that, pursuant to section 3.4.103(B) of the Code, Johnson had a duty to notify the City Engineer about the allegedly damaged sidewalk and that she breached this duty, for purposes of our analysis, we assume that this latter allegation in her complaint was sufficient to encompass her common law negligence arguments regarding the Code. Furthermore, Andrade's arguments regarding the effect of the Code formed the basis for her response to the motion for summary judgment on her negligence claim. And, the record shows that Johnson was fully aware of these arguments because she anticipated them in her motion for summary judgment

---

[3] Andrade concedes in her briefs on appeal that Johnson did not have a duty to maintain or repair the public sidewalk adjacent to her property.

12

and then responded substantively to them in her reply brief in support of that motion.

### A. The Common Law No Duty Rule

¶ 26 Andrade's contention requires us to analyze the contours of the "no duty" rule and whether it applies here to bar her common law negligence claim as a matter of law.

¶ 27 Under the "no duty" rule, which is firmly embedded in Colorado's jurisprudence, *Bittle v. Brunetti*, 750 P.2d 49, 51-52 (Colo. 1988), the supreme court and divisions of this court have consistently held that an owner of real property has no duty to persons who claim injury arising from the condition of an abutting public sidewalk. The "no duty" rule is also the common law rule in the majority of jurisdictions outside of Colorado. *Id.* at 52.

¶ 28 For example, several cases in Colorado have held that property owners have no common law duty to remove naturally accumulating snow and ice from the public sidewalks abutting their property, and, therefore, the property owners have no common law duty to third parties who are injured on the public sidewalks due to snow and ice. *See id.* at 55; *Burbach*, 224 P.3d at 439-40; *Easton v. 1738 P'ship*, 854 P.2d 1362, 1364-65 (Colo. App. 1993). This "no

13

duty" rule is not strictly limited to situations involving snow and ice on a public sidewalk, but also applies when a public sidewalk adjoining an owner's property is in need of maintenance or repairs. *See Foster v. Redd,* 128 P.3d 316, 318 (Colo. App. 2005).

¶ 29     Courts applying the "no duty" rule have reasoned that, under general tort law, an individual's ownership, possession, and control are relevant to the existence of a special relationship on which a duty can be based. *Bittle,* 750 P.2d at 52-53.  Thus, while several Colorado cases have held that property owners can be held liable for not taking reasonable measures to remove snow and ice from their own property, *see Palmer Park Gardens, Inc. v. Potter,* 162 Colo. 178, 182-83, 425 P.2d 268, 271 (1967); *King Soopers, Inc. v. Mitchell,* 140 Colo. 119, 124-25, 342 P.2d 1006, 1009 (1959), courts are generally disinclined to find that a property owner owed a duty to those injured on public property.  *See Bittle,* 750 P.2d at 52-53. Additionally, Colorado courts generally have been "unwilling to impose liability for injuries caused by natural obstacles or conditions." *Id.* at 53.

¶ 30     However, as pertinent here, there is a critical exception to the "no duty" rule.  A municipal ordinance specifically providing that a

14

property owner will be civilly liable for its violation can serve to establish the existence of a defendant's "legally cognizable duty owed to a plaintiff." *Easton*, 854 P.2d at 1364. But ordinances requiring property owners adjacent to a public sidewalk to maintain or clear the sidewalk of snow and ice do not impose liability on the property owners for a third party's injury absent an express imposition of such liability. *See Burbach*, 224 P.3d at 439; *see also Easton*, 854 P.2d at 1364-65 (finding that a city ordinance stating that property owners would be "jointly and severally liable" if they failed to keep all public sidewalks abutting the premises of their property clear of snow, ice, sleet, and hail — considered along with another provision of the city code stating that property owners would be fined for failing to keep the public sidewalks clear of snow — did not manifest a specific expression of legislative intent that the ordinance was to serve as a basis for *civil* liability). Therefore, to overcome the general common law "no duty" rule, an ordinance must clearly state that a property owner will be civilly liable for violating the ordinance. *See Woods v. Delgar Ltd.*, 226 P.3d 1178, 1183 (Colo. App. 2009).

B.    Principles of Statutory Interpretation

¶ 31    Resolution of Andrade's contention also requires us to interpret provisions of the Code.  When interpreting a city code, we apply ordinary rules of statutory construction.  *Alpenhof, LLC v. City of Ouray*, 2013 COA 9, ¶ 10.

¶ 32    Our primary task when construing statutes is to ascertain and give effect to the legislative body's intent, *Gagne v. Gagne*, 2014 COA 127, ¶ 25, and we must refrain from rendering judgments that are inconsistent with that intent.  *State v. Nieto*, 993 P.2d 493, 500 (Colo. 2000).  To determine a legislative body's intent, we look first to the plain language of the statute, giving words and phrases their ordinary meanings.  *Id.*  We read the words and phrases in context and construe them according to their common usages.  *Gagne*, ¶ 25.

¶ 33    In addition, when we construe a statute, we should read and consider the statute as a whole.  *Id.* at ¶ 26.  We also must "interpret [the statute] in a manner giving consistent, harmonious, and sensible effect to all of its parts."  *Id.*  In doing so, we should not interpret the statute so as to render any part of it meaningless, absurd, or superfluous.  *Id.*; *see also People v. Rice*, 2015 COA 168,

¶ 12.  If the statutory language is clear and unambiguous, we look no further.  *Gagne,* ¶ 27.

¶ 34     "Moreover, as here, where the interaction of common law and statutory law is at issue, we acknowledge and respect the [legislative body's] authority to modify or abrogate common law, but can only recognize such changes when they are clearly expressed."  *Vigil v. Franklin,* 103 P.3d 322, 327 (Colo. 2004).  Statutes that deviate from the common law "must be strictly construed, so that if the legislature wishes to abrogate rights that would otherwise be available under the common law, it must manifest its intent either expressly or by clear implication."  *Id.* (quoting *Vaughan v. McMinn,* 945 P.2d 404, 408 (Colo. 1997)).

    C.    Analysis and Interpretation of the Relevant Provisions of the Code

¶ 35     Andrade contends that the "no duty" rule is inapplicable here because the Code expressly provides for civil liability under the circumstances of this case.  We agree.

¶ 36     We interpret the relevant provisions of the Code to determine whether they reflect a clear, specific expression of legislative intent that the Code is to serve as a basis for civil liability, thus making

the general common law "no duty" rule inapplicable.  *See id.*; *see also Easton*, 854 P.2d at 1364-65.

¶ 37     Section 3.4.103, titled "RESPONSIBILITY OF REAL PROPERTY OWNERS AND OCCUPANTS," is part of article 4 of the Code, titled "SIDEWALKS," and provides as follows:

> A. Cleaning Sidewalks: Every owner and occupant of real property within the City shall keep the public sidewalks which abut or are adjacent to their real property, or public sidewalks located upon real property subject to a public easement or right of way, in a clean condition free from projections and obstructions across the surface, debris, litter, or dangerous conditions not involving the structural integrity of the sidewalk.
>
> B. Notice Of Damage To A Public Sidewalk: It is the responsibility of every owner and occupant of real property within the City to notify the City Engineer of any damage to a public sidewalk which abuts or is adjacent to that owner's real property, or public sidewalk located upon the owner's or occupant's real property subject to a public easement or right of way.
>
> C. Notice Of Damage To A Public Sidewalk; Individual's Or Entity's Fault: It is the responsibility of any individual or entity to notify the City Engineer of any damage to a public sidewalk which occurs or may occur as a result of that individual's or entity's action or inaction.

D. Civil Liability: The owner or occupant of the real property or both and an individual or entity whose action or inaction results in damage to a public sidewalk, shall be primarily liable in tort for any injury proximately caused by failure to comply with this section.

¶ 38    Looking to the plain language of these provisions of the Code and giving words and phrases their ordinary meanings, *Nieto*, 993 P.2d at 500, we first conclude that section 3.4.103(B) unambiguously imposes a duty on owners and occupants of real property to notify the City Engineer of any damage to a public sidewalk which abuts or is adjacent to that owner's or occupant's real property.  Thus, if the public sidewalk adjacent to Johnson's real property was in fact damaged, she had a duty to notify the City Engineer of the damage.

¶ 39    For the reasons set forth below, we also conclude that section 3.4.103(D) clearly imposes civil liability for any injury proximately caused by a failure to comply with the other provisions of section 3.4.103, although that conclusion requires a more complex analysis.

¶ 40    As noted, section 3.4.103(D) provides that "[t]he owner or occupant of the real property or both and an individual or entity

19

whose action or inaction results in damage to a public sidewalk, shall be primarily liable in tort for any injury proximately caused by failure to comply with this section." In conducting our de novo interpretation of the Code, *see Burbach*, 224 P.3d at 439, we must consider whether the phrase "whose action or inaction results in damage to a public sidewalk" refers only to the words "an individual or entity," or whether that phrase also refers back to the words "owner or occupant of the real property."[4] If we interpret the phrase "whose action or inaction results in damage to a public sidewalk" to refer back to "owner or occupant of the real property," then section 3.4.103(D) would read, as applicable here: "The owner or occupant of the real property . . . whose action or inaction results in damage to a public sidewalk, shall be primarily liable in tort for any injury proximately caused by failure to comply with this section." Conversely, if we interpret the phrase "whose action or inaction results in damage to a public sidewalk" as only referring back to the words "an individual or entity," then section 3.4.103(D) would read,

---

[4] Johnson does not respond to Andrade's statutory interpretation arguments in her answer brief, but instead simply cites cases about the general common law "no duty" rule without analyzing whether Colorado Springs intended to impose civil liability in section 3.4.103(D), thus making the "no duty" rule inapplicable here.

as applicable here: "The owner or occupant of the real property . . . shall be primarily liable in tort for any injury proximately caused by failure to comply with this section." We conclude this second interpretation is correct and is consistent with the clearly expressed legislative intent of these Code provisions.

¶ 41    Considering the statutory framework as a whole and looking to the plain language of the statute, *Nieto*, 993 P.2d at 500; *Gagne*, ¶ 25, we find it important that subsections (A) and (B) of section 3.4.103 impose duties on only *owners and occupants of real property*. Thus, subsection (A) imposes a duty on owners and occupants to keep the public sidewalks adjacent to their real property in a clean condition free from obstructions across the surface, debris, litter, or dangerous conditions not involving the structural integrity of the sidewalk; subsection (B) imposes a duty on owners and occupants to notify the City Engineer of *any* damage to a public sidewalk adjacent to or abutting their real property. By use of the word "any," subsection (B) clearly imposes a duty to notify regardless of whether the owners or occupants of the real property damaged the public sidewalk themselves. Conversely, section 3.4.103(C) imposes a duty on "*any individual or entity* to

notify the City Engineer of any damage to a public sidewalk *which occurs or may occur as a result of that individual's or entity's action or inaction.*" (Emphasis added.) Importantly, under subsection (C), any such individuals or entities must notify the City Engineer only if their action or inaction results in damage to the public sidewalk.

¶ 42     Thus, looking to the statutory framework and plain language of the Code, section 3.4.103(C) is the only section that imposes a duty on an individual or entity only when such individual's or entity's action or inaction results in damage to a public sidewalk. Thus, in context, the phrase "whose action or inaction results in damage to a public sidewalk" in section 3.4.103(D) refers only to a third party individual or entity, and not to an owner or occupant of real property adjacent to a public sidewalk. *See Nieto*, 993 P.2d at 500; *Gagne*, ¶ 25.

¶ 43     Further, the phrase "individual or entity" does not, in our view, include an "owner or occupant" of real property because such an interpretation would render the words "owner or occupant of the real property or both," in section 3.4.103(D) meaningless and superfluous. *See Gagne*, ¶ 26; *see also Rice*, ¶ 12 (stating that we must interpret a statute in a manner giving consistent,

harmonious, and sensible effect to all of its parts, and in doing so, we should not interpret the statute in a way that renders any part of it meaningless, absurd, or superfluous).  Owners and occupants already have a duty to notify the City Engineer of damage under subsection (B) regardless of who caused the damage to the sidewalk.

¶ 44    Were we to interpret section 3.4.103(D) to read, "[t]he owner or occupant of the real property or both . . . whose action or inaction results in damage to a public sidewalk, shall be primarily liable in tort for any injury proximately caused by failure to comply with this section," such an interpretation would negate any civil liability for owners or occupants of real property who breach their notice duty under section 3.4.103(B) but do not damage the public sidewalk themselves; and it would also negate civil liability of owners or occupants of real property who breach their duty in section 3.4.103(A) to keep the public sidewalk clear of debris.  *See* Code § 3.4.103(A) ("Every owner and occupant of real property . . . shall keep the public sidewalks which abut or are adjacent to their real property . . . in a clean condition free from projections and obstructions across the surface, debris, litter, or dangerous

conditions not involving the structural integrity of the sidewalk."). Such an interpretation would, in our view, be inconsistent with the plain language of section 3.4.103(D), which imposes civil liability on owners or occupants of real property for any injury proximately caused by their failure to comply with the provisions of section 3.4.103.

¶ 45    We also find it instructive that in part 2 of article 4, titled "SNOW REMOVAL," section 3.4.202(A) and (B) states that owners of real property have an affirmative obligation to remove snow and ice from the sidewalk abutting or adjacent to their property within certain time limits to protect public safety, and that "[v]iolation of this duty shall constitute negligence per se and an unlawful act, subjecting the violator to civil liability for any injury proximately caused by the violation, civil liability for the costs of removal and criminal prosecution." This Code provision further illustrates the City's intent to craft a broad statutory framework that imposes civil liability in certain instances on owners and occupants of real property who breach duties imposed on them by the Code. *Cf. Burbach,* 224 P.3d at 439; *Easton,* 854 P.2d at 1364-65.

¶ 46    In sum, based on our analysis of the plain language and statutory framework of the Code, we conclude that the provisions of section 3.4.103 are unambiguous and express a clear legislative intent to impose civil liability when an owner or occupant of real property fails to notify the City Engineer about any damage to the public sidewalk adjacent to his or her real property, *see* Code § 3.4.103(B), and the owner's or occupant's failure to notify the City Engineer about the damaged public sidewalk proximately causes injury to a third party. Because we conclude that section 3.4.103(D) is unambiguous, we also conclude that the general common law "no duty" rule is inapplicable here. *See Vigil*, 103 P.3d at 327 (stating that deviations from the common law must be clearly expressed); *cf. Burbach*, 224 P.3d at 439-40 (declining to deviate from the "no duty" rule where the municipal code at issue did not expressly impose civil liability for violation of its provisions). Accordingly, the district court erroneously entered summary judgment for Johnson on Andrade's common law negligence claim based on the court's application of the "no duty" rule.

## D. Application

¶ 47    Although we interpret section 3.4.103(B) to impose a duty on owners and occupants of real property to notify the City Engineer of damage to an adjacent or abutting public sidewalk, and interpret section 3.4.103(D) to impose civil liability on owners or occupants of real property who breach this duty to notify when their breach is the proximate cause of a third party's injury, that does not mean that Johnson is necessarily civilly liable for Andrade's injuries. On the record before us, there are genuine issues of material fact as to whether the public sidewalk was in fact damaged and whether Johnson's failure to notify the City Engineer of the alleged damage proximately caused Andrade's injuries. *See Kaiser*, 741 P.2d at 718. The district court did not consider these issues in its summary judgment order.

¶ 48    The record contains an affidavit from the Streets Manager of Colorado Springs stating that the City had not received any complaints from Johnson that the sidewalk adjacent to her property was damaged. However, Johnson only had a duty pursuant to section 3.4.103(B) to notify the City Engineer of damage to the public sidewalk adjacent to her property if the sidewalk was

26

actually damaged.  Here, the parties dispute whether the sidewalk was in fact damaged.

¶ 49    The record contains two different sets of photographs, one set supplied by each party, of the sidewalk adjacent to Johnson's home.  Each set of photographs depicts different parts of the sidewalk and different areas of possible damage.  Johnson contends that there is no damage to the public sidewalk adjacent to her house at all; but given the conflicting photographs and the parties' dispute regarding whether or not the public sidewalk adjacent to Johnson's home was damaged, that is an issue that cannot be resolved by summary judgment on this record.  *See id.* (stating that "summary judgment is a drastic remedy, and is not a substitute for a trial of disputed facts").

¶ 50    Similarly, the district court record does not contain any evidence regarding the issue of proximate cause — specifically, whether Johnson's failure to notify the City Engineer of the alleged damage to the public sidewalk adjacent to her property proximately caused Andrade's injuries.  *See id.*; *In re Estate of Heckman*, 39 P.3d 1228, 1232 (Colo. App. 2001) ("Proximate cause is ordinarily a question of fact for the jury and may be decided as a matter of law

only when reasonable minds could draw but one inference from the evidence."). Therefore, the case must be remanded to the district court for further proceedings on these issues.

<h3 style="text-align:center">V.    Conclusion</h3>

¶ 51    With respect to that aspect of the summary judgment on Andrade's premises liability claim under the Act, the judgment is affirmed.  With respect to that aspect of the summary judgment on Andrade's common law negligence claim, the judgment is reversed. The case is remanded to the district court with directions to conduct further proceedings on Andrade's common law negligence claim because there are genuine issues of material fact as to whether the public sidewalk was damaged and whether Johnson's failure to report the alleged damage to the City Engineer proximately caused Andrade's injuries.

¶ 52    Accordingly, the judgment is affirmed in part, reversed in part, and the case is remanded to the district court with for further proceedings consistent with this opinion.

JUDGE NIETO and JUDGE CASEBOLT concur.